```
          UNITED STATES DISTRICT COURT
          EASTERN DISTRICT OF LOUISIANA


JAMES PHILLIPS                      *      CIVIL ACTION

VERSUS                              *      NO. 07-3889

SEVERN TRENT ENVIRONMENTAL
SERVICES, INC. and PLAQUEMINES
PARISH                              *      SECTION "F"
```

ORDER AND REASONS

Before the Court is the plaintiff's motion to remand. After reviewing the pleadings, memoranda, and relevant law, the Court finds that it has jurisdiction over this action and, for the reasons that follow, the motion to remand is DENIED.

Background

The plaintiff, James Phillips, represents a putative class of persons who were living in Plaquemines Parish between May 15 and May 20, 2007, and who used contaminated tap water that was provided by the Belle Chase Water System during those five days. Phillips filed this lawsuit in Civil District Court for the Parish of Plaquemines on July 23, 2007, alleging that the Parish and Severn Trent Environmental Services Inc., the administrator of the Belle

Chase Water System, were negligent in allowing the drinking water to become contaminated with excessive amounts carbon tetracholride and benzine. The plaintiff further alleges that the defendants became aware of the contamination on May 15, 2007 and did not alert the people until May 20, 2007.

Severn Trent removed this action to federal court on July 27, 2007, invoking federal jurisdiction under the Class Action Fairness Act of 2005 (CAFA), 28 U.S.C. § 1332(d).

I.

CAFA expands the jurisdiction of federal courts to handle class actions in which: (1) the aggregate value of the claims exceeds $5,000,000; (2) there are at least 100 class members; and (3) there is diversity of citizenship between at least one class member and at least one defendant.  28 U.S.C § 1332(d).[1] CAFA itself is silent as to which party has the burden of proving the $5,000,000 amount in controversy and the existence of at least 100

---

[1] Section 1332(d)(2) reads in part:

"The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs, and is a class action in which ... any member of a class of plaintiffs is a citizen of a State different from any defendant...." Section 1332(d) goes on to say that the law shall not apply when "the number of members of all proposed plaintiff classes in the aggregate is less than 100." 28 U.S.C. § 1332(d)(5).

class members. See Frazier v. Pioneer Americas LLC, 455 F.3d 542, 546 (5th Cir. 2006) (holding that, if CAFA's threshold jurisdictional requirements are met, the party seeking remand must prove the applicability of the exceptions to CAFA, but offering "no comment" on which party has the initial burden of proving removal jurisdiction).  Prior to CAFA, the Fifth Circuit held that defendants have the burden of establishing that federal courts had jurisdiction over cases removed from state court. See Jernigan v. Ashland Oil, Inc., 989 F.2d 812, 815 (5th Cir. 1993). In the absence of any indication in the text of CAFA that Congress intended to change the traditional burden of proof, the Court finds that the burden of proving federal jurisdiction remains with the defendants when a motion to remand is filed.  This approach is consistent with other courts that have addressed this question. See Eufaula Drigs, Inc. v. TDI Managed Care Servs., Inc., 2006 WL 986976, at *3 (M.D. Ala. 2006) (defendants must show by a preponderance of the evidence that the $5,000,000 amount in controversy has been met); Werner v. KPMG LLP, 415 F.Supp.2d 688, 695 (S.D. Tex. 2006) (the party opposing remand continues to bear the burden of proving federal jurisdiction under CAFA); Robinson v. Cheetah Transp., 2006 WL 468820 *2 (W.D. La. 2006) (ambiguities in a motion to remand will be construed against removal).

      Neither side disputes that CAFA's "balanced diversity" requirement--that at least one class member is diverse from at

least one defendant--is met.  James Phillips in a citizen of Louisiana, and Severn Trent is a Texas corporation and a citizen of Texas.  The present motion focuses the dispute over the presence of the jurisdictional amount and whether there are at least 100 class members.

To determine whether a class action reaches the CAFA $5,000,000 threshold, "the claims of the individual class members shall be aggregated." 28 U.S.C. § 1332(d)(6). The term "class member" includes putative class members. 28 U.S.C. § 1332(d)(1)(D). While Phillips's petition does not quantify the amount in controversy, it alleges a litany of categories of serious damages suffered by the putative class, including mental anguish, present and future medical expenses, and personal injuries such as liver, lung and kidney damage, cancer, depression of the central nervous system, birth defects, reproductive effects, delayed pulmonary edema, and leukemia, among others. Although the Court, when considering a motion to remand, is obligated to construe any ambiguities against removal, see Acuna v. Brown & Root, Inc., 200 F.3d 256, 339 (5th Cir. 2000), it cannot ignore the alleged facts of a case and the inferences that follow. Here, given the size of the putative class and the seriousness of the potential injuries Phillips alleges, the Court is satisfied Severn Trent has met its burden to prove by a preponderance that the putative class members'

claims exceed $5,000,000.[2]

With respect to the size of the putative class, the defendant offers two pieces of evidence to show there are at least 100 members. First, Severn Trent points out that the plaintiff defines the class as all residents or occupants of Plaquemines Parish who used or consumed the Belle Chase water during the five days at issue. Based on census information conducted between July and October 2006 by the Louisiana Department of Health and Hospitals, Plaquemines Parish had a population of 17,760 as of October 2006. Second, Severn Trent has offered an affidavit from Phil Gioia, operations manager at the Belle Chase Water System, stating that Belle Chase pumped an average of 800,000 gallons of drinking water per day to 5,489 connections in Plaquemines Parish during the month of May 2007. It strains reason to conclude that such a volume of drinking water delivered to 5,489 active connections (many of which service multiple end-users per connection) would have been used by less than 100 people in total in the Plaquemines Parish during the time period in question. Thus, the last requirement of CAFA jurisdiction is satisfied. Absent the application of one of the exceptions to exercising CAFA jurisdiction, original jurisdiction exists in this Court.

Phillips counters that the "local controversy" exception

---

[2] Of course, if the converse is true, this case will obviously settle for less than $5,000,000.

to CAFA, 28 U.S.C. § 1332(d)(4), applies. Under § 1332(d)(4), this Court must decline jurisdiction when: (1) greater than two thirds of the members of the putative class are citizens of the state in which the action was filed; (2) at least one defendant is a defendant from whom members of the putative class seek significant relief, whose alleged conduct forms a significant basis of the asserted claims, and who is a citizen of the state in which the action was filed; (3) the principal injuries resulting from the alleged conduct of each defendant were incurred in the state in which the action was filed; and (4) no other class action asserting the same or similar factual allegations has been filed against any of the defendants within the last three years preceding the filing of the instant class action. 28 U.S.C. § 1332(d)(4).[3]  In essence, the exception tells federal courts to remand when *most* of the class members are local, *most* of the injuries occurred locally, and at least one of the "significant" defendants is an in-state citizen. The burden of proving the local controversy exception falls to the party seeking remand, in this case, the plaintiff. Frazier v. Pioneer Americas LLC, 455 F.3d 542, 546 (5th Cir. 2006).

All agree that, of the two defendants, only one is a citizen of Louisiana, Plaquemines Parish. See Moor v. Alameda County, 411 U.S. 693, 718 (1973). The parties disagree on whether

---

[3] No one disputes that the third and fourth prongs of the local controversy exception are satisfied here.

the Parish is a defendant from whom "significant relief" is sought. Whether a class seeks "significant relief" from a defendant is determined by comparing the relief sought from that defendant with the relief sought against the other codefendants. See Evans v. Walter Industries, Inc., 449 F.3d 1159, 1167 (11th Cir. 2006); Caruso v. Allstate Ins., 469 F.Supp.2d 364, 368 (E.D. La. 2007). There are at least two factual situations where courts have found that a defendant is not a "significant" defendant. The first is when only a small portion of the class members have claims against that particular defendant. See Escoe v. State Farm Fire and Cas. Co., 2007 WL 1207231 (E.D. La. 2007) (a single State Farm insurance agent is not a significant defendant in suit by a class of *all* State Farm policy holders affected by Hurricane Katrina, because only a fraction of the class members purchased policies through that particular agent). In the present case, there is no indication that only a subset of the putative class is seeking relief from Plaquemines Parish; rather, all the class members have claims against both the defendants.

The second situation is when the relief sought (or reasonably expected) from a particular defendant is "just small change" in comparison to what the class is seeking from the other co-defendants. See Robinson v. Cheetah Transportation, 2006 WL 468820 *4 (W.D. La. 2006) (defendant tractor-trailer driver is not a significant defendant in class action where all co-defendants

were major national corporations involved in the transportation, railroad, and insurance industries). In this case, Plaquemines Parish is named as one of two defendants, and the plaintiff alleges they had "ultimate oversight and responsibility over the quality of the drinking water." At this early stage in the litigation, it is impossible to say that the damages sought from Plaquemines Parish are insignificant compared to the damages sought from Severn Trent.[4] Accordingly, the Court finds that "significant relief" is sought from both defendants.

With respect to the citizenship requirement, plaintiff must prove by a preponderance of the evidence that greater than two thirds of the putative class are citizens of Louisiana. See Preston v. Tenent Healthsystem Memorial Medical Center, Inc., 485 F.3d 793, 798 (5th Cir. 2007). Based on the plaintiff's own definition of the class in his petition, it is clear that the class would contain only those people who were residing in or occupying a premise in Louisiana in May 2007.[5] However, that alone does not establish that the class members are Louisiana citizens, because

---

[4] The Court acknowledges that Plaquemines Parish contends in its cross-claim that its contract with Severn Trent for the maintenance of the Parish's water treatment contains an indemnity provision, but that has no effect on the determination that the Parish is a significant defendant.

[5] The class is limited to those persons affected by the drinking water who are "residents and/or occupants" of Plaquemines Parish. Pet., ¶ 19.

"citizenship" in a state requires more than residence. It requires domicile. Stine v. Moore, 213 F.2d 446, 448 (5th Cir. 1954). Although there is some intuitive appeal to the claim that most of the people using the tap water between May 15 and May 20, 2007 in Plaquemines Parish were citizens of Louisiana when the complaint was filed, the plaintiff has offered no evidence in support of such an inference. By not offering additional indicia of Louisiana citizenship of the putative class members apart from their mere residency in Plaquemines Parish in May 2007, the plaintiff has not met his burden of proof. See Preston v. Tenet Healthsystem Memorial Medical Center, Inc., 485 F.3d 804 (5th Cir. 2007) ("Preston I") (requiring plaintiff to offer evidence that class members were domociled in Louisiana); Caruso, 469 F.Supp.2d at 368 (evidence of home ownership in Louisiana is sufficiently probative to establish domicile, but noting that "there may well be proposed classes where detailed proof of the two-thirds citizenship requirement is required"); Preston v. Tenet Healthsystem Memorial Medical Canter, Inc., 485 F.3d 793, 800 (5th Cir. 2007) ("Preston II")(patients medical records from Louisiana hospitals insufficient to show citizenship absent "additional evidence, such as vehicle registration or an extended period of residency and employment in Louisiana prior to the forced evacuation."). As the Fifth Circuit stated in Preston II:

> [A]s master of the complaint with the creative license for
> defining the putative class, the plaintiffs are in the best

position to establish citizenship and produce probative evidence. We acknowledge that marshaling evidence of citizenship for the unnamed class members may be a formidable task, especially in light of the circumstances presented here, but the court must evaluate sufficiency on a case-by-case basis to determine whether the district court can make a credible estimate." 485 F.3d at 801 (internal citations omitted).

Because the plaintiff fails to prove citizenship of two thirds of the putative class, the local controversy exception to CAFA offers no support. While the events alleged in the plaintiff's petition are undoubtably local in character, that is not sufficient to establish the CAFA-escape requirements mandated by § 1332(d)(4).

Finally, Phillips also contends that the so-called "government entity" exception to CAFA applies. Under 28 U.S.C. § 1332(d)(5), federal courts must remand when "the primary defendants are States, State Officials, or other governmental entities." Even assuming Plaquemines Parish is a "primary defendant," which the Court need not decide now, it is clear from the plain text of the statute that *all* primary defendants must be government entities for the exception to apply. See Frazier, 455 F.3d at 546.

Accordingly, the plaintiff's motion to remand is DENIED.

New Orleans, Louisiana, September 19, 2007.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE