```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF LOUISIANA


JAMES PHILLIPS ET. AL.              *      CIVIL ACTION

VERSUS                              *      NO. 07-3889

SEVERN TRENT ENVIRONMENTAL
SERVICES, INC. and PLAQUEMINES
PARISH                              *      SECTION "F"
```

ORDER AND REASONS

Before the Court is the plaintiff's motion for class certification. For the reasons that follow, the motion is DENIED.

Background

The plaintiff, James Phillips, represents a putative class of persons who were living in Plaquemines Parish between May 15 and May 20, 2007, and who used contaminated tap water provided by the Belle Chase Water System during those five days.[1] Phillips sued

---

[1] The purported class is defined as: "[a]ll residents and/or occupants in and of Plaquemines Parish who were present from approximately May 15, 2007, to May 20, 2007, who had occasion to use the 'drinking water' provided by the Belle Chase Water System and suffered damages from same."

Plaquemines Parish and Severn Trent Environmental Services Inc., the administrator of the Belle Chase Water System, on behalf of himself and the putative class on June 25, 2007, claiming damages for a variety of physical and mental injuries and medical expenses. The plaintiff also claims damages for the fear that the water may cause adverse health conditions in the future. The plaintiff now moves for class certification under Federal Rules of Civil Procedure 23(a), and 23(b)(1), (b)(2), and (b)(3).

I.

The party seeking class certification bears the burden of showing that all of the criteria of Rule 23 are met. Mullen v. Treasure Chest Casino, LLC., 186 F.3d 620, 623-24 (5th Cir. 1999); Broussard v. Foti, 2001 WL 699525 *1 (E.D. La. 2001). The threshold requirements of Rule 23(a) are: (1) numerosity (a "class [so large] that joinder of all members is impracticable"); (2) commonality ("questions of law or fact common to the class"); (3) typicality ("named parties' claims or defenses are typical. . . of the class"); and (4) adequacy of representation (representatives "will fairly and adequately protect the interest of the class").

In addition, the class must satisfy one of the three subsections of Rule 23(b). The Fifth Circuit explained the subsections of Rule 23(b) in Allison v. Citgo Petroleum, 151 F.3d 402, 411-412 (5th Cir. 1998):

> Under Rule 23, the different categories of class actions, with their different requirements, represent a balance

>   struck in each case between the need and efficiency of a
>   class action and the interests of class members to pursue
>   their claims separately or not at all. The different
>   types of class actions are categorized according to the
>   nature or effect of the relief being sought. The (b)(1)
>   class action encompasses cases in which the defendant is
>   obliged to treat class members alike or where class
>   members are making claims against a fund insufficient to
>   satisfy all claims. The (b)(2) class action, on the other
>   hand, was intended to focus on cases where broad,
>   class-wide injunctive or declaratory relief is necessary.
>   Finally, the (b)(3) class action was intended to dispose
>   of all other cases in which a class action would be
>   "convenient and desirable," including those involving
>   large-scale, complex litigation for money damages.

The plaintiff submits that the proposed class satisfies not one, but all three subsections of 23(b). Based on the pleadings, however, it is clear that certification under 23(b)(1) and (b)(2) is inappropriate. The plaintiff has not alleged an entitlement to any type of class-wide recovery, damages from a "limited fund," or that the lawsuit involves incompatible relief to different class members; nor has the plaintiff requested specific declaratory relief or an injunction.[2] Rather, the putative class members seek individualized compensation for their personal and, judging from the pleadings, potentially radically different kinds and degrees of injuries related to drinking Belle Chase water. Such a class can be

---

[2] The alleged contamination lasted for five days in the spring of 2007 and the plaintiff has not claimed that another contamination is likely, precluding an injunction. Although the complaint urges the Court to "declare" that the defendants were negligent, negligent per se, and acted with deliberate disregard, this does not constitute the kind of "declaratory" relief envisioned by Rule 23(b)(1) or (b)(2).

3

certified, if at all, under 23(b)(3) only. See <u>Caruso v. Allstate Ins. Co.</u>, 2007 WL 2265100 *4 (E.D. La. 2007); <u>Doiron v. Conseco Health Ins. Co.</u>, 240 F.R.D. 247, 253-254 (M.D. La. 2007); <u>Allison v. Citgo Petroleum</u>, 151 F.3d 402, 411-412 (5th Cir. 1998).

## II.

To maintain a class action under Rule 23(b)(3), the plaintiff must demonstrate the elements of Rule 23(a) and further establish that: (1) that questions of law or fact common to members of the class predominate over questions affecting individual members, and (2) that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. In the absence of proof of all required elements, the Court may not certify the class. See <u>Berger v. Compaq Computer Corp.</u>, 257 F.3d 475, 479-480 (5th Cir. 2001); <u>General Telephone Company v. Falcon</u>, 457 U.S. 147, 161 (1982) (noting the district court's duty to conduct a "rigorous analysis" before certifying a class). Although the pleadings and motion to certify the class refer to a variety of injuries suffered by numerous class members, the plaintiff has made no effort to introduce evidence or allege facts to flesh out the Rule 23 skeleton. Instead the plaintiff merely mimics the language of Rule 23 and arbitrarily concludes that each element has been satisfied. This is insufficient to undergird a decision on the propriety of class certification. See <u>Bradford v. Sears, Roebuck and Co.</u>, 673 F.2d 792, 797 (5th Cir. 1982).

A district court must generally make specific findings regarding how a proposed class satisfies or fails to satisfy the requirements of Rule 23. See Vizena v. Union Pac. R.R. Co., 360 F.3d 496, 503 (5th Cir. 2004). But in the absence of any briefing whatsoever on the relevant facts, substantive law, and likely claims and defenses, the Court is unable to do so and the plaintiff has failed to discharge the burden required by Rule 23.

The Court concludes that the plaintiff has failed to demonstrate that the requirements of Rule 23(a) and 23(b)(3) have been satisfied. Accordingly, IT IS ORDERED: the motion for class certification is DENIED.

New Orleans, Louisiana, February 13, 2008.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE